UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

NEW ENGLAND LIFE INSURANCE COMPANY,

      Plaintiff,

v.

RICHARD S. SCHILLER, ROBERT S. SCHILLER, ANDREW D. SCHILLER, and THE ESTATE OF MAXINE SCHILLER

      Defendants.

Case No. 12-CV-10090

HON. MARIANNE O. BATTANI

---

**OPINION AND ORDER DENYING ANDREW SCHILLER'S MOTION FOR CHANGE OF VENUE**

**I. INTRODUCTION**

Plaintiff New England Life Insurance Company ("NELCO") filed an interpleader complaint against Richard Schiller, Robert Schiller, Andrew Schiller, and the estate of Maxine Schiller. The central issue of this complaint is a disputed one-third of a non-qualified variable annuity contract's surrender value interpled by NELCO pursuant to the Federal Interpleader Act, 28 U.S.C. §§ 1335, 2361.

Before the Court is Andrew Schiller's Motion for Change of Venue (Doc. 18). The Court has reviewed the pleading and finds oral argument will not aid in the resolution of this motion. See E. D. Mich. LR 7.1(f)(1). For the reasons that follow, the Court **DENIES** Defendant's Motion for Change of Venue.

## II. STATEMENT OF FACTS

On April 30, 2004, Maxine Schiller purchased a Non-Qualified Variable Annuity Contract ("Annuity") issued on her life from NELCO. Her sons, Andrew, Robert, and Richard Schiller, were listed as the primary beneficiaries of the Annuity. On July 30, 2009, Maxine Schiller executed a Durable Power of Attorney ("DPOA") appointing Robert Schiller as her attorney regarding the Annuity. This allowed him to act on her behalf, even if she was not incapacitated.

On or about September 21, 2011, Robert Schiller sent a copy of the DPOA to NELCO, and, two days later, he executed an Annuity Withdrawal/Surrender Form terminating the Annuity Contract. This termination required NELCO to tender the full amount of the surrender value to the owner, Maxine Schiller, who died on September 26, 2011. Thereafter, an estate was opened in the Oakland County Probate Court in the name of Decedent.

According to NELCO, the net surrender value of the Annuity was $371,915. Because Andrew Schiller ("Defendant" or "Schiller") claims that Robert Schiller fraudulently terminated the Annuity Contract, NELCO paid the estate two-thirds of the surrender amount and interpled the remaining third. Robert and Richard Schiller are Michigan residents. Andrew Schiller is a Florida resident and owns and operates a business there. Schiller filed his motion asking the Court to transfer this action to the Middle District of Florida.

## III. STANDARD OF REVIEW

2

Under 28 U.S.C. § 1404(a), federal district court may transfer a civil action to "any other district or division where it might have been brought." Thomas v. Home Depot, U.S.A., 131 F. Supp. 2d 934, 937 (quoting United States v. P.J. Dick Inc., 79 F.Supp.2d 803, 805-06 (E.D. Mich. 2001) (quoting § 1404(a)). In assessing the merits of a request for transfer, courts grant substantial deference to a plaintiff's chosen forum. Id. at 937.

The party seeking a transfer of venue bears the burden of demonstrating by a preponderance of the evidence that fairness and practicality strongly favor a transfer of venue to a different forum. Home Depot, 131 F.Supp.2d 934, 936 (E. D. Mich. 2001). Factors to be considered include: (1) the convenience of the parties; (2) the convenience of the witnesses; (3) the relative ease of access to sources of proof; (4) the availability of process to compel attendance of unwilling witnesses; (5) the cost of obtaining willing witnesses; (6) the practical problems associated with trying the case most expeditiously and inexpensively; and (7) the interests of justice. Grand Kensington, LLC v. Burger King Corp., 81 F. Supp.2d 834, 836 (E.D. Mich. 2000).

**IV.    ANALYSIS**

In his Motion for Change of Venue, Schiller offers three alternative theories for dismissal. The Court observes that each of Schiller's requests is viewed through the scope of statutory interpleader. Statutory interpleader "enjoys liberal procedural rules including relaxed venue, personal jurisdiction and service or process requirements as well as broad discretion to enjoin overlapping litigation." Bhd. Mut. Ins. Co. v. United Apostolic Lighthouse, Inc., 200 F. Supp.2d 689, 694 (E.D. Ky. 2002) (citing 28 U.S.C. §§ 1397, 2361). Additionally, statutory interpleader grants district courts "original

3

jurisdiction of any civil action of interpleader or in the nature of interpleader" if three elements are satisfied; (1) The amount in controversy must exceed $500; (2) there must be two or more adverse claimants to the stake who are of diverse citizenship; and (3) the stake must be deposited to the Court. In this case, the amount in controversy exceeds $500; the parties, NELCO and Schiller, are diverse; and NELCO deposited the stake to the Court. 28 U.S.C. § 1335(a). Therefore, the Court has jurisdiction over the claim.

### A. Change of Venue

"The first question for a court when considering a motion under § 1404(a) is whether 'the transferred action could have been brought in the transferee court.'" Grand Kensington, 81 F. Supp.2d at 836 (quotations omitted). Plaintiff moves to change venue to the Middle District of Florida. It is questionable whether Plaintiff could have even brought its claim in the United States District Court for the Middle District of Florida, but the parties have not addressed that issue. Therefore, the Court assumes that the case could have been brought in Florida and directs its attention to other factors.

Andrew Schiller argues that litigating in Michigan would constitute a "dire inconvenience" and would be "prohibitively expensive." (Doc. 19, p. 2). Courts may consider "the relative financial strength of the parties," Home Depot, 131 F.Supp.2d at 937 (internal citation omitted), but, in this case, even if Schiller may be in a weakened financial position relative to his brothers, he does not produce sufficient documentation for the Court to find that traveling to Michigan would pose a significant hardship. Therefore, the Court does not place great weight on this consideration. See Home

Depot, 131 F.Supp.2d at 937.  Furthermore, Schiller fails to mention that he is currently litigating a case in the Oakland County Probate Court (See Doc. 22, Ex. 1) or that he and his wife own a house in West Bloomfield, Michigan. (See Doc. 22, Ex. 2). Therefore, any inconvenience Schiller experiences by litigation in the Eastern District of Michigan is insufficient to overcome the presumption in favor of Plaintiff's choice of venue.

Courts also assess "witnesses' convenience [a]s one of the most important factors in determining whether to grant a motion to change venue under § 1404(a)." Home Depot, 131 F. Supp.2d at 937 (citation omitted).  Here, all of the witnesses are parties to the action.  The majority of witnesses reside in Michigan, a factor weighing against Defendant's motion to change venue.

After balancing the interest of both parties and weighing the evidence, the Court finds that Schiller has not met his burden to overcome the presumption in favor of Plaintiff's choice of venue.  Therefore, Defendant's Motion to Change Venue is denied, and the Court considers alternative arguments.

**B. Personal Jurisdiction**

Schiller next argues that the Eastern District of Michigan lacks personal jurisdiction over him because he does not have "minimum contacts" with Michigan.  His argument is misplaced, however, because Congress, through the Federal Interpleader Act, 28 U.S.C. § 2361, which authorizes nationwide service of process, confers nationwide personal jurisdiction to district courts.  See Medical Mutual of Ohio v. deSoto, 245 F.3d 561 (6th Cir. 2001) (interpreting ERISA's nationwide service of process provision); Mudd v. Yarbrough, 786 F. Supp.2d 1236 (E.D. Ky. 2011) (internal

5

quotations omitted) (holding that the Federal Interpleader Act "allows the Court to issue its process for all claimants and shall be addressed and served by the United States marshals for the respective districts where the 'claimants reside or may be found.'"). Mudd, 786 F.Supp.2d at 1243. Courts have held that § 1261 "confers jurisdiction over all the defendants served, even those residing outside the district. Because Defendant has been served, he is amenable to suit here, even if he lacks minimum contacts with Michigan. Id.

### C. Insufficient Service Challenges

In two final alternative theories, Schiller claims insufficient process and insufficient service of process per Fed. R. Civ. P. 12(b)(4) and 12(b)(5). Schiller was personally served on April 13, 2012 (Doc. 22, Ex. 9), rendering these alternative theories meritless.

### V. CONCLUSION

Accordingly, **IT IS HEREBY ORDERED** that Andrew Schiller's Motion to Change Venue (Doc. 19) is **DENIED**.

**IT IS SO ORDERED.**


                                          s/Marianne O. Battani

                                          U. S. District Court Judge

DATED: July 24, 2012

**CERTIFICATE OF SERVICE**

Copies of this Order were served upon counsel of record on this date by ordinary mail and/or electronic filing.

s/Bernadette M. Thebolt
Case Manager
